IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEPHEN LUSH,

        Plaintiff,

v.

J,[1] LIEUTENANT SCOTT MOEN, and CITY OF MIDDLETON,

        Defendants.

OPINION and ORDER

23-cv-66-wmc[2]

---

STEPHEN LUSH,

        Plaintiff,

v.

HONORABLE NICHOLAS J. McNAMARA,

        Respondent.

OPINION and ORDER

23-cv-155-wmc

---

Pro se plaintiff Stephen Lush has filed two civil actions challenging the circumstances surrounding his arrest and pending state-law criminal charge for fourth degree sexual assault. In Case No. 23-cv-66-wmc, Lush brings constitutional challenges to the circumstances surrounding his 2023 arrest and pending criminal charge. In Case No. 23-cv-155-wmc, he seeks relief under 28 U.S.C. § 2241, asking this court to stay that pending criminal proceeding and release him from the bond conditions to which he is subject.

---

[1] Lush uses the first name of this individual in his complaint. Because she is alleged to be a minor, this is inappropriate. I modified the case caption to use her first initial only and will direct the clerk of court to do the same.

[2] I am exercising jurisdiction over these cases for purposes of this screening order only.

In the '66 case, Lush is proceeding in forma pauperis, so I must screen his amended complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In the '155 case, I must dismiss the petition if it plainly appears that Lush is not entitled to relief. *See* Rule 4 of the Rules Governing Section 2254 Cases (applicable to § 2241 petitions). When screening a pro se litigant's complaint, I construe the complaint generously, accepting the allegations as true and holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

The court must abstain from exercising jurisdiction over the issues Lush raises in both of these matters. I will stay and administratively close the '66 case, and I will deny without prejudice the petition in the '155 case.

ANALYSIS

**A. The '66 Case**

Lush has submitted multiple pleadings, and I accept the most recent pleading as the operative complaint. Dkt. 14. According to Lush, defendant Lieutenant Scott Moen arrested Lush without probable cause, based on a false accusation that he assaulted a 17-year-old woman. Lush was charged in state court with fourth degree sexual assault, in violation of Wis. Stat. § 940.225(3m). After the criminal complaint was filed against him, Lush was released on bond. Lush filed a complaint with Middleton Police Department Internal Affairs asking them to drop the charge. In response, multiple Middleton police officers attempted to talk to Lush, but Lush refused. On February 26, 2023, Lush appeared at a hearing before a judge in Dane

County Circuit Court. Lush denied assaulting the woman and explained the details of their encounter. The judge found that probable cause supported the charge, even though Lush's accuser was not present to provide testimony. Lush is out on bail, but on the condition that he may not drive people for money.

Lush contends that the City of Middleton and Lieutenant Scott Moen are depriving him of his civil rights, and that the woman who accused him of assault lied. He seeks monetary damages from the City of Middleton and Moen, and monetary damages and an apology from his accuser. Absent extraordinary circumstances not present here, federal courts must abstain from deciding a claim when doing so would interfere with a state's pending criminal prosecution. *Younger v. Harris*, 401 U.S. 37, 45 (1971). Addressing Lush's challenge to his criminal charge and claim against his accuser would interfere with his criminal proceeding. *See Gabuka v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013). Therefore, I must abstain from addressing these claims until the conclusion of all of his state criminal proceedings, including his appeal and any relevant state collateral proceedings. *See Simpson v. Rowan*, 73 F.3d 134, 139 (7th Cir. 1995). For the same reason, I will deny Lush's motion asking that the court terminate the criminal charges against him. '66 Case, Dkt. 6.

If Lush is convicted of the state-court charge, he cannot bring any federal claim for monetary damages that would imply the invalidity of his conviction. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

B. The '155 Case

As in his civil case for monetary damages, in his habeas petition Lush contends that his arrest, criminal proceeding, and the conditions of his release have violated his constitutional rights. He asks that the court stay the state-court criminal proceedings pending against him

3

and thus suspend the bond conditions preventing him from working. "The appropriate vehicle for a state pre-trial detainee to challenge his detention is § 2241." *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015). Because Lush has been released on bond conditions, he remains in custody for purposes of § 2241(c)(3). *See Justices of Bos. Mun. court v. Lydon*, 466 U.S. 294, 300-01 (1984).

Exceptions to the abstention requirement include speeding trial and double jeopardy claims in circumstances in which immediate federal intervention is necessary to avoid rendering the challenge moot, but only after the petitioner exhausted state court remedies. *Olsson v. Curran*, 328 F. App'x 334, 335 (7th Cir. 2009); *see also Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010). Exceptional circumstances also exist when the pending state court proceeding is motivated by a desire to harass or is conducted in bad faith. *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 596-97 (7th Cir. 2007) (citing *Younger*, 401 U.S. at 49). But exceptional circumstances do not exist when the threatened injury "is solely 'that incidental to every criminal proceeding brought lawfully and in good faith.'" *Younger*, 401 U.S. at 49 (citing *Douglas v. City of Jeannette*, 319 U.S. 157, 164 (1943)).

Lush has not raised speedy trial or double jeopardy issues. Nor has he shown that the criminal proceedings in state court are motivated by harassment, bias, or bad faith. Instead, Lush asks this court to enjoin the ongoing state court proceeding because he believes the charge is premised on a false accusation and improper police work. But Lush can raise his concerns about the validity of his arrest in state court by filing a motion to suppress or quash in those proceedings. Lush may also challenge the sufficiency of the evidence as to the charge he is facing by presenting his version of the events to a jury. Lush has not shown that he requires this court's intervention to accomplish any of these tasks. Therefore, this court will abstain

from addressing his petition and dismiss it without prejudice.

ORDER

IT IS ORDERED that:

1. The clerk of court is directed to modify the case caption in Case No. 23-cv-66-wmc to use just the first initial of the minor defendant.

2. Plaintiff Stephen Lush's motion for injunctive relief in Case No. 23-cv-66-wmc, Dkt. 6, is DENIED.

3. The court will abstain from exercising jurisdiction over Case No. 23-cv-66-wmc, under *Younger v. Harris*, 401 U.S. 37 (1971), pending final resolution of plaintiff Lush's state criminal proceedings. The clerk of court is directed to administratively close that case, subject to reopening.

4. Lush's petition under 28 U.S.C. § 2241 in Case No. 23-cv-155-wmc is DENIED, and that case is dismissed without prejudice.

Entered March 17, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge